ORIGINAL

1 | Edward Kmett (CA Bar No. 204374)
ekmett@fchs.com
2 | FITZPATRICK, CELLA, HARPER & SCINTO
650 Town Center Drive
3 | Suite 1600
Costa Mesa, CA 92626
4 | Telephone: (714) 540-8700
Facsimile: (714) 540-9823
5
Anthony M. Zupcic (*Not Yet Admitted Pro Hac Vice*)
6 | azupcic@fchs.com
Robert H. Fischer *Not Yet Admitted Pro Hac Vice*)
7 | rfischer@fchs.com
Douglas Sharrott (*Not Yet Admitted Pro Hac Vice*)
8 | dsharrott@fchs.com
FITZPATRICK, CELLA, HARPER & SCINTO
9 | 1290 Avenue of the Americas
New York, New York 10112
10 | Telephone: (212) 218-2100
Facsimile: (212) 218-2200
11
Kenneth R. Adamo (*Not Yet Admitted Pro Hac Vice*)
12 | kradamo@jonesday.com
JONES DAY
13 | 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
14 | Telephone: (216) 586-7120
Facsimile: (216) 579-0212
15 | Attorneys For Plaintiff
International Business Machines Corporation
16

FILED

SEP - 7 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RAMBUS INC. | ) ) |
| Defendant. | ) ) ) |

**CV 10    4017**

EMC

Civil Action No. _____

**COMPLAINT**

17

18

19

20

21

22

23

24

1    Plaintiff International Business Machines Corporation ("IBM") brings this cross-

2  action against Defendant Rambus Inc. ("Rambus") under 35 U.S.C. §146 to appeal certain decisions

3  by the United States Patent and Trademark Office ("USPTO") Board of Patent Appeals and

4  Interferences ("Board") in Patent Interference No. 105,467 ("the Interference") between Richard E.

5  Perego, Stefanos Sidiropolous, and Ely Tsern (collectively, "Perego") of Rambus, the Junior Party,

6  and Robert Allen Drehmel, Kent Harold Haselhorst, Russell Dean Hoover and James Anthony

7  Marcella (collectively, "Drehmel"), the Senior Party.

8                                    **THE PARTIES**

9          1.      Senior Party Drehmel are named as the inventors of the subject matter claimed

10  in claims 11-59 of United States Patent Application No. 11/203,652 ("the Drehmel '652

11  Application"), and have assigned all rights in that application to Plaintiff IBM as recorded by the

12  USPTO at Assignment Reel No. 010412 and Frame No. 0260. IBM is therefore the legal owner of

13  the Drehmel '652 Application and is the real Plaintiff party of interest for the purposes of this cross-

14  action.

15         2.      Plaintiff IBM is a New York corporation with its principal place of business at

16  1 New Orchard Road, Armonk, NY 10504. IBM is authorized to engage in and transacts business in

17  California in this judicial district.

18         3.      Junior Party Perego are named as the inventors of the subject matter claimed in

19  claims 1-49 of United States Patent No. 6,502,161 ("the Perego '161 Patent"), and upon information

20  and belief have assigned all rights in that patent to Defendant Rambus as recorded by the USPTO at

21  Assignment Reel No. 010490 and Frame No. 0902. On information and belief, Rambus is the legal

22  owner of the Perego '161 Patent, and all patents directly related to the Perego '161 Patent, and is the

23  real Defendant party of interest for the purposes of this cross-action.

24

-1-

| | | |
|---|---|---|
| 1 | 4. | On information and belief, Defendant Rambus is a California corporation with |

a principal place of business at 4440 El Camino Real, Los Altos, CA 94022 in this judicial district.

## JURISDICTION AND VENUE

5. Plaintiff IBM brings this cross-action under the Patent Laws, Title 35 of the United States Code, and specifically under 35 U.S.C. § 146. This Court also has subject matter jurisdiction under 28 U.S.C. § 1338(a).

6. Venue is proper in this Court under 28 U.S.C. § 1391(c).

7. This cross-action is related to the action No. C 10-03736-JCS, which was filed by Rambus against IBM in this Court on August 23, 2010. That action was also filed under 35 U.S.C. § 146 so that Rambus could appeal certain decisions by the Board in the Interference.

8. This cross-action, being brought on or before 14 days after the service of the complaint upon IBM in action No. C 10-03736-JCS, is timely filed under 37 C.F.R. § 1.304(a)(1).

9. This court has personal jurisdiction over Defendant Rambus at least because, on information and belief, Rambus is authorized to engage in and transacts business in this District, and because Rambus has purposely availed itself of the benefits and protections of the laws of California such that it should reasonably anticipate being haled into court here by repeatedly filing lawsuits in this District, including but not limited to action No. C 10-03736-JCS.

10. This cross-action should be consolidated with action No. C 10-03736-JCS.

## INTRADISTRICT ASSIGNMENT

11. This cross-action relates to an Intellectual Property matter and should be assigned on a district-wide basis under Civil L.R. 3-2 (c).

-2-

1                    **FACTS GIVING RISE TO THE COMPLAINT**

2          12.     On November 12, 1999, Drehmel filed United States Patent Application No.

3    09/439,068, which issued on February 25, 2003, as United States Patent No. 6,526,469 ("the '469

4    patent") with original claims 1-10.

5          13.     On January 5, 2000, Perego filed United States Patent Application No.

6    09/479,375, which issued on December 31, 2002, as the Perego '161 patent, with claims 1-49.

7          14.     On December 30, 2003, Drehmel surrendered the '469 patent and filed United

8    States Patent Application No. 10/747,820 ("the Drehmel '820 application"), a reissue application

9    under 35 U.S.C. § 251, which included both the original claims 1-10 of the '469 patent and claims

10   11-59 that corresponded exactly or substantially to a majority of the claims of the Perego '161 Patent.

11         15.     On August 15, 2005, pursuant to a restriction requirement issued by the

12   USPTO in the Drehmel '820 application, Drehmel filed the Drehmel '652 Application as a

13   continuing application of the Drehmel '820 application. The Drehmel '652 Application included

14   claims 11-59, while claims 1-10 remained in the Drehmel '820 application.

15         16.     Claims 11-59 of the Drehmel '652 Application were indicated as allowable,

16   and would have passed to issue as a patent but for the interfering claims of the Perego '161 Patent.

17   To resolve this problem, and specifically, to determine the "priority of invention" between claims 11-

18   59 of the Drehmel '652 Application and claims 1-49 of the Perego '161 Patent, Drehmel requested

19   the USPTO to declare an interference therebetween under 35 U.S.C. § 135(a). "Priority of invention"

20   means who was the first to invent, as determined by the U.S. patent laws, the invention that is the

21   subject of the Interference.

22         17.     On August 25, 2006, the Board declared the Interference.

23         18.     The Board accorded the Drehmel '652 Application an effective filing date of

24   November 12, 1999. This date is several weeks earlier than the January 5, 2000 filing date of the

-3-

1 | Perego '161 Patent. The Board accordingly designated Drehmel to be the Senior Party in the

2 | Interference. Conversely, the Board designated Perego to be the Junior Party in the Interference.

3 |         19.    The subject matter of an interference, i.e., the invention as to which priority is

4 | to be determined, is defined by at least one "count." The Board designated Drehmel '652

5 | Application claim 11 and Perego '161 Patent claim 1, which are identical, to be "Count 1" of the

6 | Interference (hereinafter, the "Count"). The Count of the Interference read as follows:

7 |         A memory system comprising:

8 |         a memory controller having an interface that includes a plurality of memory

9 | subsystem ports;

10 |         a first memory subsystem including:

11 |         a buffer device having a first port and a second port, and

12 |         a plurality of memory devices coupled to the buffer device via the second port,

13 | wherein data is transferred between at least one memory device of the plurality of memory

14 | devices and the memory controller via the buffer device; and

15 |         a plurality of point-to-point links, each point-to-point link of the plurality of point-to-

16 | point links having a connection to a respective memory subsystem port of the plurality of memory

17 | subsystem ports, the plurality of point-to-point links including a first point-to-point link to connect

18 | the first port to a first memory subsystem port of the plurality of memory subsystem ports.

19 |         20.    The Board determined that Drehmel '652 Application claims 11-59 and Perego

20 | '161 Patent claims 1-49 all "correspond" to the Count. This means that these claims all defined the

21 | same patentable invention as the Count, differing only in obvious respects. Accordingly, by law all

22 | of these claims would be and were mutually subject to the priority determination.

23 |         21.    By the time Drehmel requested that an interference be declared, Perego had

24 | already filed fifteen continuing patents and applications claiming benefit of priority directly or

1   indirectly to the Perego '161 Patent. A large majority of these patents and applications contained

2   identically worded technical disclosures, differing at most only in obvious variations in the wording

3   of certain claims. Several others of these patents and applications contained minor additions to the

4   disclosure of the Perego '161 Patent, but nevertheless still contained obvious variations in the

5   wording of certain claims of the Perego '161 Patent. The continuing Perego patents included United

6   States Patent No. 7,000,062, No. 7,003,618, No. 7,010,642, and No. 7,017,002, and the continuing

7   Perego applications included United States Patent Application No. 10/272,024, No. 10/625,276, No.

8   10/766,131, No. 10/848,369, No. 10/889,799, No. 10/889,852, No. 10/890,001, No. 11/119,031, No.

9   11/128,904, No, 11/130,734, and No. 11/136,995.

10         22.    Drehmel requested that the Interference be declared to involve these fifteen

11   identically or substantially identically worded Perego continuing patents and patent applications,

12   because like the Perego '161 Patent, they claimed the same invention as the Count. In declaring the

13   Interference, the Board, however, did not include these fifteen continuing patents and patent

14   applications, so none of their claims were involved in the Interference.

15         23.    More particularly, on October 3, 2006, in accordance with standard

16   interference practice, Drehmel submitted a list of motions it intended to file in the preliminary motion

17   phase of the Interference. That list is attached to the Complaint as Exhibit A.

18         24.    These preliminary motions included a proposed Preliminary Motion 1, which

19   requested issuance of an expedited order requiring Perego to show cause why any of its fifteen

20   continuing patents and applications should not be added to this Interference, and why all of the claims

21   of each of these continuing cases should not be designated as corresponding to the Count in light of

22   (i) the *prima facie* showing of obviousness for each continuing case over the Count made by Drehmel

23   in its Request for Declaration of Interference, (ii) the similarity of those claims to the Perego '161

24   Patent claims that had been designated by the Board in the Declaration of Interference as

-5-

1  corresponding to the Count, (iii) the USPTO's finding of obviousness–type double patenting in
2  several of the fifteen continuing patents and patent applications, that finding not being rebutted by
3  Perego, and (iv) Perego's submission of terminal disclaimers in response to those obviousness–type
4  double patenting rejections, which constituted concessions that the same invention was being
5  claimed, subject only to obvious variations. See Exhibit A.

6      25.    For example, in regard to items (iii) and (iv) of paragraph 23, during their
7  prosecution in the USPTO, all of the claims of Rambus's U.S. Patents No. 7,000,062, No. 7,003,618,
8  No. 7,062,597, No. 7,523,248 and No. 7,526,597 were specifically rejected by the USPTO as being
9  unpatentable in view of claims 1-49 of the Perego '161 Patent, under the doctrine of obviousness-
10 type double patenting. Rather than contest the correctness of the obviousness-type double patent
11 rejections, Rambus merely filed terminal disclaimers, thereby overcoming the obviousness-type
12 double patenting rejections and obtaining allowance of these claims. In view of this, all of the claims
13 of these five continuing patents have been acknowledged by the USPTO and Rambus as claiming the
14 same invention as the Count, and thus should have been included in the Interference. Moreover,
15 those claims should have been subject to the same adverse judgment as claims 1-49 of the
16 Perego'161 Patent and cancelled upon the conclusion of the Interference.

17     26.    Drehmel's list of motions also included proposed Preliminary Motion 2, which
18 requested an order from the Board suspending prosecution in each continuing Perego application
19 claiming benefit directly or indirectly from Application No. 09/479,375 that matured into the Perego
20 '161 Patent, unless and until Perego established separate patentability over the Count of all claims in
21 each such continuing application. See Exhibit A.

22     27.    Drehmel's list of intended motions further included proposed Preliminary
23 Motions 3-17 to add to the Interference, respectively, each of the fifteen continuing Perego patents

24

-6-

1 | and patent applications, and to designate all of their claims as corresponding to the Count. See
2 | Exhibit A.

3 |       28.    On October 11, 2006, the Board decided not to authorize Drehmel to file any
4 | of its proposed Preliminary Motions 1-17. In its Order, the Board stated: "Adding so many claims
5 | and issues to the interference would not secure the 'just, speedy and inexpensive resolution of the
6 | interference.' Bd. R. 1(b)." October 11, 2006 Order – Motion Times – Bd.R. 104(c), attached to the
7 | Complaint as Exhibit B.

8 |       29.    During the course of the Interference, Perego continued to prosecute its
9 | continuing patent applications. Rambus eventually obtained a total of sixteen continuing patents, five
10 | of which were terminally disclaimed over claims 1-49 of the Perego '161 Patent to overcome
11 | obviousness-type double patenting rejections, *supra* at paragraph 24. Rambus presently also has a
12 | pending application that is also related to the Perego '161 patent.

13 |       30.    On June 24, 2010, the Board entered a judgment on priority in favor of Senior
14 | Party Drehmel and against Junior Party Perego, and thus cancelled claims 1-49 of the Perego '161
15 | Patent.

16 |       31.    The Board's October 11, 2006 decision denying Drehmel's request to file its
17 | proposed Preliminary Motions 1-17 left IBM without a timely remedy as to the Rambus continuing
18 | patents, which contain claims that are mere obvious variants of the Count and under law cannot co-
19 | exist with claims 11-59 of the Drehmel '652 Application.

20 |       32.    The October 11, 2006 decision is erroneous, and IBM seeks reversal of that
21 | decision with a remand to the Board to permit Drehmel to have its proposed Preliminary Motions 1-
22 | 17 considered by the Board in the first instance.

23

24

-7-

1           33.     Rambus, in paragraph 24 of the August 23, 2010 Complaint filed in action No.

2   C 10-03736-JCS, has also appealed the Board's decision in the October 11, 2006 Order denying its

3   requests to file certain Preliminary Motions.

4                              **CLAIMS FOR RELIEF**

5           A. .     Reverse the Board's October 11, 2006 decision denying IBM's request to file

6   its proposed Preliminary Motions 1-17, and remand to the Board to re-open the Interference solely

7   for the purpose of consideration of those motions.

8           B.     Award IBM any other and further relief as this Court may deem just and

9   proper.

10

11   Dated: September 7, 2010                 Respectfully submitted,

12

13                                 By:

14                                 Edward A. Kmett (CA Bar. No. 204374)
                                    FITZPATRICK, CELLA, HARPER & SCINTO

15                                 650 Town Center Drive
                                    Suite 1600

16                                 Costa Mesa, CA 92626
                                    Telephone: (714) 540-8700

17                                 Facsimile: (714) 540-9823

18

19

20

21

22

23

24

-8-

1

Anthony M. Zupcic
*(Not Yet Admitted Pro Hac Vice)*
2
Robert H. Fischer
*(Not Yet Admitted Pro Hac Vice)*
3
Douglas Sharrott
*(Not Yet Admitted Pro Hac Vice)*
4
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
5
New York, New York 10104-3800
Telephone: (212) 218-2100
6
Facsimile: (212) 218-2200

7
Kenneth R. Adamo
*(Not Yet Admitted Pro Hac Vice)*
8
kradamo@jonesday.com
JONES DAY
9
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
10
Telephone: (216) 586-7120
Facsimile: (216) 579-0212
11

Attorneys for
12
International Business Machines Corporation

13

14

15

16

17

18

19

20

21

22

23

24

-9-

FCHS_WS 1.doc

Exhibit A

Filed on behalf of: Senior Party Drehmel

Paper No. _____

By:            Anthony M. Zupcic
                Douglas Sharrott
                FITZPATRICK, CELLA, HARPER & SCINTO
                30 Rockefeller Plaza
                New York, New York 10112-3800
                Tel: (212) 218-2100
                Fax: (212) 218-2200
                E-mail: azupcic@fchs.com
                           dsharrott@fchs.com

## UNITED STATES PATENT AND TRADEMARK OFFICE

## BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES

RICHARD E. **PEREGO**, STEFANOS SIDIROPOULOS
and ELY TSERN
Junior Party
(Patent 6,502,161),

v.

ROBERT ALLEN **DREHMEL**, KENT HAROLD HASELHORST,
RUSSELL DEAN HOOVER and JAMES ANTHONY MARCELLA
Senior Party
(Application 11/203,652).

Patent Interference No. 105,467 (SCM)
(Technology Center 2100)

## **DREHMEL LIST OF INTENDED MOTIONS**

1.      1.    Motion under Bd.R. 121(a)(3) and SO 121.3 for an expedited order requiring Perego to show cause why any of its fifteen continuing patents and applications should not be added to this interference, and why all of the claims of each of these continuing cases should not be designated as corresponding to Count 1 in light of (i) the *prima facie* showing of obviousness for each continuing case over Count 1 made by Drehmel in the Request for Interference, (ii) the similarity of the continuing claims to the Perego claims already designated in the Declaration of Interference as corresponding to Count 1, (iii) the PTO's finding of obviousness–type double patenting in fourteen out of the fifteen continuing cases, that finding not rebutted by Perego, and (iv) Perego's submission of terminal disclaimers in response to each of those fourteen obviousness–type double patenting rejections.

2.    Motion under Bd.R. 121(a)(3) for an order suspending prosecution in each continuing application listed in Drehmel Motions 9 to 17, and any other application(s) claiming benefit directly or indirectly from Application No. 09/479,375 that matured into involved Perego United States Patent No. 6,502,161, unless and until Perego has established separate patentability over Count 1 of all claims in each such continuing application.

2

| | | |
|---|---|---|
| 1 | 3. | Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add |
| 2 | | Perego U.S. Patent No. 7,000,062 and designate all claims thereof as |
| 3 | | corresponding to Count 1. |
| 4 | 4. | Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add |
| 5 | | Perego U.S. Patent No. 7,003,618 and designate all claims thereof as |
| 6 | | corresponding to Count 1. |
| 7 | 5. | Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add |
| 8 | | Perego U.S. Patent No. 7,010,642 and designate all claims thereof as |
| 9 | | corresponding to Count 1. |
| 10 | 6. | Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add |
| 11 | | Perego U.S. Patent No. 7,017,002 and designate all claims thereof as |
| 12 | | corresponding to Count 1. |
| 13 | 7. | Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add |
| 14 | | Perego U.S. Patent No. 7,051,151 and designate all claims thereof as |
| 15 | | corresponding to Count 1. |
| 16 | 8. | Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add |
| 17 | | Perego U.S. Patent No. 7,062,597 and designate all claims thereof as |
| 18 | | corresponding to Count 1. |
| 19 | 9. | Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add |
| 20 | | Perego U.S. Patent Application No. 10/766,131 and designate all |
| 21 | | claims thereof as corresponding to Count 1. |

3

1       10.    Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add

2              Perego U.S. Patent Application No. 10/848,369 and designate all

3              claims thereof as corresponding to Count 1.

4       11.    Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add

5              Perego U.S. Patent Application No. 10/889,799 and designate all

6              claims thereof as corresponding to Count 1.

7       12.    Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add

8              Perego U.S. Patent Application No. 10/889,852 and designate all

9              claims thereof as corresponding to Count 1.

10      13.    Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add

11             Perego U.S. Patent Application No. 10/890,001 and designate all

12             claims thereof as corresponding to Count 1.

13      14.    Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add

14             Perego U.S. Patent Application No. 11/119,031 and designate all

15             claims thereof as corresponding to Count 1.

16      15.    Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add

17             Perego U.S. Patent Application No. 11/128,904 and designate all

18             claims thereof as corresponding to Count 1.

19      16.    Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add

20             Perego U.S. Patent Application No. 11/130,734 and designate all

21             claims thereof as corresponding to Count 1.

4

1         17.   Motion under Bd.R. 121(a)(3), Bd.R. 203(d) and SO 203.2 to add

2        Perego U.S. Patent Application No. 11/136,995 and designate all

3        claims thereof as corresponding to Count 1.

4         18.   Motion under Bd.R. 121(a)(1)(iii) and Bd.R. 208(a)(4) for judgment

5        on priority.

6

7                    Respectfully submitted,
8
9
10 Dated: October 3, 2006        /Anthony M. Zupcic/
11                 Anthony M. Zupcic
12                 Reg. No. 27,276
13                 Attorney for Senior Party Drehmel
14
15
16
17 FITZPATRICK, CELLA, HARPER & SCINTO
18 30 Rockefeller Plaza
19 New York, New York 10112-3800
20 Telephone: (212) 218-2100
21 Facsimile: (212) 218-2200
22
23

NY_MAIN 594840v1

5

# Exhibit B

Paper 22

Filed 11 October 2006

Mail Stop Interference
P.O. Box 1450
Alexandria Va 22313-1450
Tel: 571-272-4683
Fax: 571-273-0042

## UNITED STATES PATENT AND TRADEMARK OFFICE

### BEFORE THE BOARD OF PATENT APPEALS
### AND INTERFERENCES

RICHARD E. **PEREGO**, STEFANOS SIDIROPOULOS
and ELY TSERN
Junior Party
(Patent 6,502,161),

v.

ROBERT ALLEN **DREHMEL**, KENT HAROLD HASELHORST,
RUSSELL DEAN HOOVER and JAMES ANTHONY MARCELLA
Senior Party
(Application 11/203,652).

Patent Interference No. 105,467 (SCM)
(Technology Center 2100)

**Order - Motion Times - Bd.R. 104(c)**

**A. Conference call**

A telephone conference call was held on 10 October 2006 at approximately 2:00

p.m., involving:

1. Ms. McCurdy and Ms. Thayer, counsel for Perego,

2 Mr. Zupcic and Mr. Sharrott, counsel for Drehmel, and

3. Sally Medley, Administrative Patent Judge[1].

## B. Relevant discussion during conference call

The principal purpose of the conference call was to set times for taking action on motions (other than miscellaneous motions) in the interference.

### The following motions are authorized:

Perego motion attacking the benefit accorded Drehmel of the 10/747,820 and 09/439,068 applications.

Perego motion for judgment that all of Drehmel's involved claims 11-59 fail to satisfy the written description and enablement requirement of 35 U.S.C. 112, ¶ 1.

Perego contingent motion for judgment that there is no interference-in-fact between Drehmel claims 48-59 and any of Perego's involved claims. The contingency materializes only if (1) Drehmel's claims 11-47 are determined to be unpatentable under 35 U.S.C. 112, ¶ 1, (2) and Drehmel claims 48-59 are determined not to be unpatentable under 35 U.S.C. 112, ¶ 1.

Perego motion for judgment that all of Drehmel's involved claims are unpatentable under 35 U.S.C. 112 ¶2 on the basis that the Drehmel claims are not what Drehmel "regards as his invention." Perego is not authorized to attack the Drehmel claims on the basis that the claims are "indefinite when read in light of the specification," nor is Perego authorized to file a miscellaneous motion for additional discovery regarding the issue of what Drehmel "regards as his invention."

Perego motion for judgment that Drehmel's involved claims are invalid under 35 U.S.C. 251 as stated in Perego's paragraph 5 of its motions list, and under the reissue

---

1 Also present with counsel for Prego was Mr. Modi. A court reporter was also present.

2

recapture doctrine. In connection with this motion, Perego is not authorized to file a miscellaneous motion for additional discovery.

Perego motion to undesignate its claims 4-9, 12, 13, 15-18, 19-22, 27-32, 35-38, 40, 41, and 43-48 is authorized, **but deferred until the priority phase of the interference.**

**Motions on priority issues are deferred.**

**A conference call will be initiated by the Board after a decision on preliminary motions. At that time, the following proposed motions will be discussed:**

Perego motion for judgment against Drehmel on the basis of inequitable conduct.

Perego motion for judgment against Drehmel on the basis that certain references allegedly withheld during prosecution render Drehmel's claims unpatentable.

**No other motions are authorized.**

Drehmel shall place a conference call with the Board and opposing counsel to discuss responsive motions that it seeks authorization to file.

Upon consideration, Drehmel is not authorized to file motions to add the fifteen various Perego patents and applications to the interference. Adding so many claims and issues to the interference would not secure the "just, speedy and inexpensive resolution of the interference." Bd. R. 1(b). Moreover, the nine Perego applications Drehmel seeks to add to the interference presumably have claims that have not been allowed, or even examined. Apparently, examination is not complete. Bd.R. 102. As further discussed, this interference was declared to determine priority of the invention

3

defined by the count between the two parties. Adding over five hundred claims to the interference would be unreasonable and unnecessary for a determination of priority of invention. If Drehmel prevails on priority, the determination will have been made and Perego would not be prior art under 35 U.S.C. 102(g) to Drehmel for the invention defined by the count in this interference and therefore Perego would not apparently stand in the way of issuance of the Drehmel claims that correspond to the count.

As indicated during the call, the board does not have the requested "Initial communication: Initial memo disposal" requested by Perego. There was no form 850 or "write-up" from the examiner. The "memo" that is shown in the public PAIR system does not exist. The blank entry was apparently made in the computer system such that the examiner could receive his disposal "count" for proposing the interference to the Board. The parties were apparently satisfied with the explanation given, and therefore "Perego request for another search or permission to contact examiner" (Paper 19) is dismissed as moot.

Perego requests an extension of the proposed Time Period 1 by two weeks. Counsel for Drehmel opposed the request. Perego's request was presumably made based on its extensive motions list, as no indication was made during the call which of Perego's proposed motions would be authorized. As indicated in this paper, Perego is authorized to file only the motions listed in this order. The resulting list of authorized motions is substantially fewer than those listed in Perego's motions list. There is nothing extraordinary about the number of motions or issues that are authorized to be filed by Perego. Accordingly, Perego's request is denied. The parties are reminded that they are authorized to stipulate different times for Time Periods 1-6.

4

### C. Time periods associated with motions

In accordance with discussion during the telephone conference call, the TIME PERIODS described below are set out in an Appendix to this ORDER. Action specified for each TIME PERIOD must be completed by the date specified for the TIME PERIOD.

The parties are authorized to stipulate different times (earlier or later, but not later than TIME PERIOD 7) for TIME PERIODS 1 through 6.[2]  A notice of the stipulation must be promptly filed. The notice must be in the form of a photocopy of the Appendix attached to this ORDER with old dates crossed out and new dates inserted by hand. The parties may not stipulate an extension of TIME PERIODS 7-9.

### 1. TIME PERIOD 1

    a.    File and serve all authorized motions and

    b.    Serve but do not file evidence in support of these motions.

---

[2] In stipulating different times, the parties should consider the effect of the stipulation on times (1) to object to evidence (5 business days, Bd.R. 155(b)(1)), (2) to supplement evidence (10 business days, Bd.R. 155(b)(2)), (3) to begin cross examination (no earlier than 21 days after service, SO ¶ 157.3.1) and (4) to conclude cross examination (at least 10 days before the opposition or reply is due, SO ¶ 157.3.2).

5

If no party files a motion, the SENIOR PARTY must arrange a conference call
with the parties and the Board so that appropriate adjustments to the schedule may be
made.

    **2.**    **TIME PERIOD 2**

        a.    File and serve responsive motions (Bd.R. 121(a)(2)) in
response to an opponent's motion filed during TIME
PERIOD 1 and

        b.    Serve <u>but do not file</u> evidence in support of these responsive
motions.

    **3.**    **TIME PERIOD 3**

        a.    File and serve oppositions to all motions, including
responsive motions and

        b.    Serve <u>but do not file</u> evidence in support of these
oppositions.

    **4.**    **TIME PERIOD 4**

        a.    File and serve replies to all oppositions and

        b.    Serve <u>but do not file</u> evidence in support of these replies.

    **5.**    **TIME PERIOD 5**

        a.    File and serve any request for oral argument on motions,

        b.    File and serve motions to exclude evidence (Bd.R. 155(c);
SO ¶ 155.2), and

        c.    File and serve observations on cross examination (SO
¶ 157.7) of reply testimony.

6

6.   **TIME PERIOD 6**

    a.   File and serve oppositions to an opponent's motion to

       exclude evidence and

    b.   File and serve any response to observations.

7.   **TIME PERIOD 7**

File and serve replies to oppositions to motions to exclude evidence.

**D. Deposition transcripts**

Transcripts of cross examinations and depositions taken under 35 U.S.C. 24

must be served, but not filed until the exhibits are filed.

**E. Serving exhibits relied upon in motions**

An exhibit, including an affidavit, cited in connection with a motion, opposition,

reply, or affidavit, must be served, <u>but not filed</u>,[3] with the motion, opposition, reply or

affidavit in which the exhibit is first mentioned.

**F.   TIME PERIOD 8:  Filing the record for decision on motions**

    1.   File an original set of your exhibits and one working copy of your

       exhibits;

    2.   For each of your motions, file one folder (or three folders if an oral

       argument is set each) containing:

       a.   The motion,

       b.   Any corresponding opposition,

       c.   Any corresponding reply,

---

[3] Except when the Board sets an expedited schedule for a particular motion, in which case, all exhibits mentioned in that motion or the corresponding opposition or reply must be filed with the motion, opposition, reply, or affidavit in which the exhibit is first mentioned.

7

      d.     Any corresponding observations, and

      e.     Any corresponding response to the observations.

   3.    File CD-ROM a party elects to file.

### G.    TIME PERIOD 9: Default oral argument date

If a request for oral argument (Bd.R. 124(a); TIME PERIOD 5) is granted, the default date for such argument is TIME PERIOD 9.  No oral argument will occur if either no argument is requested or granted.

### H.  Priority statements

   1.    At TIME PERIOD 1:

      a.     File <u>but do not serve</u> a priority statement (Bd.R. 120; Bd.R. 204(a)).

      b.     File and serve a notice advising each opponent of the filing of the priority statement.

   2.    A junior party who does not file a priority statement shall not have access to the priority statement of any other party.

   3.    **Within one (1) week** after TIME PERIOD 1, serve a copy of the priority statement upon each opponent (except for a junior party barred under ¶ H.2 above).

cc (via e-mail):

azupcic@fchs.com
barbara.mccurdy@finnegan.com

8

**Appendix--ORDER - RULE 123(a)**
**(Times for substantive motions; priority deferred)**

Interference 105,467 (SCM)

TIME PERIOD 1 ...............................................................................**21 November 2006**
    File motions
    File (but serve one week later) priority statements

TIME PERIOD 2 ...............................................................................**12 December 2006**
    File responsive motions to motions
    filed in TIME PERIOD 1

TIME PERIOD 3 ...............................................................................**23 January 2007**
    File oppositions to all motions

TIME PERIOD 4 ...............................................................................**6 March 2007**
    File all replies

TIME PERIOD 5 ............................................................................... **17 April 2007**
    File request for oral argument
    File motions to exclude
    File observations

TIME PERIOD 6 ............................................................................... **8 May 2007**
    File oppositions to motions to exclude
    File response to observations

TIME PERIOD 7 ............................................................................... **22 May 2007**
    File replies to oppositions to motions to exclude

TIME PERIOD 8 ............................................................................... **29 May 2007**
    File exhibits
    File sets of motions
    File any CD-ROMs

TIME PERIOD 9 ...............................................................................**26 June 2007**
    Default oral argument date (if ordered)