United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAMBUS INC.,<br><br>　　　　Defendant._____/ | No. C 10-04017 JSW<br>(Related case: C10-3736 JSW)<br><br>**ORDER DENYING DEFENDANT RAMBUS INC.'S MOTION TO DISMISS COMPLAINT** |

Now before the Court is the motion of Defendant Rambus Inc. ("Rambus") to dismiss the complaint filed by Plaintiff International Business Machines Corporation ("IBM"). The motion is fully briefed and ripe for decision. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for decision without oral argument. Accordingly, the hearing on the motion currently set for January 14, 2011, is hereby VACATED. The case management conference for this action and the related case, C10-3736, currently set for 9:00 a.m. on January 14, 2011, is hereby continued to 1:30 p.m. that day.

**BACKGROUND**

During prosecution of its United States Patent Application No. 11/203,652 (the "'652 application"), IBM submitted a Request for Declaration of Interference ("Request for Interference") to the United States Patent and Trademark Office pursuant to 35 U.S.C. § 135(a). The Request for Interference sought a determination of the priority of invention between claims 11-59 of the '652

application and United States Patent No. 6,502,161 (the "'161 patent") filed by Rambus inventors Perego, et al., as well as four other Rambus patents and eleven Rambus patent applications related to the '161 patent. Declaration of Tina Hulse in Support of Defendant Rambus Inc.'s Motion to Dismiss Complaint ("Hulse Decl."), Ex. C. Those fifteen continuing patents and applications claimed priority to the January 5, 2000, filing date of the Perego '161 patent. Compl. ¶ 21.

The Board of Patent Appeals and Interferences (the "Board") granted IBM's request and declared the interference as to the IBM '652 application and the '161 patent (the "Interference"), but declined to include the other fifteen Rambus patents and applications in the Interference. Hulse Decl., Ex. D. Based on the effective filing dates of the '652 application (November 12, 1999) and the '161 patent (January 5, 2000), the Board designated IBM inventor Drehmel to be the Senior Party and Perego to be the Junior Party in the Interference. Compl. ¶ 18. The subject matter of the Interference, i.e., the invention as to which priority is to be determined, is defined by at least one "count." The Board designated '652 application claim 11 and '161 patent claim 1 to be "Count 1" of the Interference. Compl. ¶ 19.

After the Interference was declared, the Board required both parties to file a list of the motions that each wished to file in the Interference. In its proposed motions list, IBM sought authorization to file eighteen motions, seventeen of which related to IBM's request to add to the Interference the fifteen continuing Rambus patents and applications and to designate all their respective claims as corresponding to Count 1. Compl., Ex. A.

During a telephonic hearing on the proposed motions, the Administrative Patent Judge ("APJ") stated that she had considered whether to include the other Rambus patents and applications "before I declared interference" and "decided not to add all these other patents." Hulse Decl., Ex. A at 32:8-10. The APJ further indicated "that I would probably not entertain adding them now." *Id*. at 32:10-11. The APJ further advised the parties that "we try to keep things flowing pretty quickly in the trial division and adding so many claims really bogs down the proceeding, an expensive result." *Id*. at 32:11-14. In response to IBM's argument for adding the other Rambus patents and applications to the Interference, the APJ stated, "The problem is, though, it becomes so unmanageable that we would never get a determination on priority." *Id*. at 33:16-18.

2

On October 11, 2006, the Board issued an order denying IBM's request to file motions to add the fifteen Rambus patents and applications to the Interference. Compl. ¶ 28 and Ex. B. In its Order, the Board stated, "Adding so many claims and issues to the interference would not secure the 'just, speedy and inexpensive resolution of the interference,'" citing Board Rule 1(b), 37 C.F.R. § 41.1(b). *Id.*

On June 24, 2010, the Board entered judgment on priority in favor of IBM and against Rambus and cancelled claims 1-49 of the '161 Patent. Compl. ¶ 30. Rambus has filed an action appealing that judgment pursuant to 35 U.S.C. § 146 in the related case, *Rambus v. IBM*, C10-3736 JSW.

On September 7, 2010, IBM filed this action pursuant to § 146 to appeal the Board's decision denying IBM's request to file its proposed preliminary motions 1 through 17. IBM seeks reversal of the Board's decision with remand to the Board to permit IBM to have its proposed motions considered by the Board in the first instance.

On October 29, 2010, Rambus filed the instant motion to dismiss the complaint.

**LEGAL STANDARD**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility

3

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**ANALYSIS**

This action is brought pursuant to 35 U.S.C. § 146 which provides that "[a]ny party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action. . . ."  District court review of an interference proceeding under section 146 is an equitable remedy of long standing.  *General Instrument Corp., Inc. v. Scientific-Atlanta, Inc.*, 995 F.2d 209, 214 (Fed. Cir. 1993) (citation omitted).  IBM seeks review of the Board's denial of IBM's request to file its proposed motions to add the Rambus continuing patents and patent applications to the Interference and seeks remand to the Board to re-open the Interference to consider those motions.  Compl., Claims for Relief.

The Federal Circuit has held that the applicable standard for judicial review of Board decisions in interference proceedings is that set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  *In re Sullivan*, 362 F.3d 1324, 1326 (Fed. Cir. 2004) (citing *Dickinson v. Zurko*, 527 U.S. 150, 154 (1999)).  Under the APA, the court must set aside actions of the Board that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and set aside factual findings that are unsupported by substantial evidence.  *Id.* (citing *In re McDaniel*, 293 F.3d 1379, 1382 (Fed. Cir. 2002)).  Specifically with respect to Board decisions pursuant to the permissive rules governing patent interference proceedings, such decisions are reviewed for abuse of discretion.  *Id.* (citing *Eli Lilly Co. v. Bd. of Regents of the Univ. of Wash.,* 334 F.3d 1264, 1266 (Fed. Cir.2003).  The Federal Circuit further held that the reviewing court is to accept the Board's interpretation of Patent and Trademark Office regulations unless that interpretation is "plainly erroneous or inconsistent with the regulation."  *Id.* (citations omitted).

1    Rambus contends that discretionary case management decisions are not subject to judicial
2 review under § 146. In support of this proposition, Rambus cites the decision of another district
3 court, *Alphavax, Inc. v. Novartis Vaccines and Diagnostics, Inc.*, 719 F.Supp. 2d 156 (D. Mass.
4 2010), *appeal docketed*, No. 2010-1487 (Fed. Cir. Aug. 20, 2010). There, the court held that it
5 lacked jurisdiction to decide issues of patentability that were raised before the Board but never
6 resolved by it. *Alphavax* held that although the Board was authorized to decide issues of
7 patentability, it was not required to do so and thus did not err in declining to decide those issues.
8 The court held that it lacked jurisdiction to decide the patentability question on review of the Board
9 decision pursuant to § 146, but did not hold that a discretionary decision by the Board is outside the
10 scope of judicial review in a § 146 action, as Rambus suggests.

11   Neither *Alphavax*, nor any other decision cited by Rambus, provides authority for its
12 proposition that case management decisions in an interference proceeding, such as the one appealed
13 by IBM here, are committed strictly to Board discretion and not subject to judicial review. Looking
14 to the analogous procedural posture of appellate review of a district court's procedural decision in an
15 interference proceeding, the Court finds instructive the holding of the Federal Circuit in *Slip Track*
16 *Systems, Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1262 (Fed. Cir. 2002). In *Slip Track*, a party sought
17 leave to amend a cross-complaint in an interference action arising in district court to assert a claim
18 of fraud on the Patent and Trademark Office for failure to cite a prior art reference. There, the
19 Federal Circuit held that the standard of review of the district court's denial of the party's request to
20 modify a pre-trial order falls under the law of the regional circuit, because it is a procedural issue not
21 pertaining to the patent laws. *Slip Track*, 304 F.3d at 1262 (citing *Panduit Corp. v. All States Plastic*
22 *Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984)). The Federal Circuit therefore applied the law
23 of the Ninth Circuit, which reviews a denial of a request to modify a pre-trial order for an abuse of
24 discretion. *Id.* (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 606 (9th Cir.1992)).
25 Finding no abuse of discretion, the Federal Circuit affirmed the district court's decision not to allow
26 the party to amend its pleadings for lack of good cause.

27   Here, where the Board issued its decision under rules and procedures governing the PTO,
28 which were not at issue in *Slip Track*, the appropriate standard of review is that announced by the

5

Federal Circuit, which reviews decisions pursuant to the permissive rules governing interference proceedings for abuse of discretion. *In re Sullivan*, 362 F.3d at 1326. Accepting the allegations of the complaint as true, the Court cannot at this juncture decide the issues raised by Rambus whether the Board's decision caused IBM any undue prejudice.

Because Rambus has not demonstrated as a matter of law that IBM is not entitled to relief, the motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES Rambus' motion to dismiss the complaint.

**IT IS SO ORDERED.**

Dated: January 12, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6