[Counsel listed on signature page]

March 25, 2011

<u>VIA ECF</u>

Hon. Jeffrey S. White
Judge, United States District Court
Northern District of California
Phillip Burton Federal Building
   & United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *International Business Machines Corporation v. Rambus Inc.,*
      Case No. C 10-04017 JSW, U.S. District Court, N.D. Cal.

Dear Judge White:

The parties, plaintiff International Business Machines Corporation ("IBM"), and defendant Rambus Inc. ("Rambus"), jointly submit this letter brief regarding IBM's request for certain discovery in this action. Rambus opposes IBM's request.

IBM's Complaint, filed on September 7, 2010, seeks to reverse a refusal by the Board of Patent Appeals and Interferences ("Board"), of the U.S. Patent and Trademark Office ("PTO"), to hear IBM's motions to add Rambus's fifteen other related patents and applications to an interference proceeding, and to remand to the Board to consider those motions. In related Case No. C 10-03736 JSW, Rambus has filed its own Complaint from the judgment in that interference. On October 29, 2010, Rambus moved to dismiss here. That motion was denied on January 12, 2011. The Court held a Case Management Conference ("CMC") on January 14, 2001, and Rambus served its Answer on February 11, 2011 as ordered at the CMC.

At the CMC, IBM stated that there was "some discovery that will need to go forward" in this case. 1/14/11 Tr. at 4:4-5. Rambus opposed IBM's request. The Court considered both parties' positions and said: "My ruling is going to be that, presumptively, there will be no discovery," and that if IBM felt that specific discovery was appropriate, then IBM would need to meet and confer with Rambus, and submit the matter by joint letter to the Court if agreement could not be reached. *Id.* at 6:15-7:8.

On February 15, 2011, IBM proposed to Rambus eight requests for production, in IBM's "First Set of Requests for the Production of Documents, ESI and Things" ("Discovery Requests"; Exhibit A). On March 8, 2011, counsel for IBM and Rambus met and conferred in person to discuss IBM's requests. The issue that counsel were unable to resolve is whether Rambus should produce any documents, electronically stored information ("ESI") or things (subject to the Federal Rules of Civil Procedure and any objections it may have) within the scope of the eight requests. IBM respectfully requests leave to serve the eight requests set forth in Exhibit A. Pursuant to the Court's Standing Order, the parties summarize their positions below.

**IBM's Position**

In refusing to give IBM any discovery, Rambus has wrongly sought to convert the Court's initial assessment of an absence of a need for discovery into a substantive burden of proof. To the contrary, discovery within the bounds of the pleadings is a matter of right in every Federal Court action, and there is nothing in the statute authorizing this proceeding, 35 U.S.C. § 146, and nothing in Rule 26 of the Federal Rules, that imposes upon a plaintiff the burden that Rambus seeks here.

Additionally as a basis for denying discovery, Rambus assumes varying degrees of administrative discretion – none of which have been established here as governing review either of the Board's fact findings or its decision. Yet Rambus failed to establish Board discretion as case-dispositive in its motion to dismiss. Given that, and given that IBM's action is now moving forward, any putative Board discretion is not a basis for denying IBM the broader discovery rights accorded a party under the Federal Rules.

A.      Discovery Directed to Rambus's Motives. Requests 1-4 (see Exhibit A) are intended to uncover Rambus's motives for filing its multiple related patent applications. If Rambus's intent was to preserve for itself the interfering subject matter by filing multiple patent applications for basically the same invention, and thereby nullify IBM being accorded relief, then plainly the Board was wrong not to hear IBM's motions. Contrary to Rambus, there is no Board administrative discretion to allow its proceedings to be side-stepped.

More broadly, the sought for discovery is directly relevant to whether the Rambus patents and patent applications claim essentially the same subject matter as in the interference, and in turn whether the Board was wrong not to consider IBM's motions. Rambus has pled as an affirmative defense that its related patents and patent applications do not claim the same subject matter as in the interference (discussed below), clearly demonstrating the pertinence to this action of the sought-for discovery.

B.  .    Discovery Directed to Rambus's Answer. In its Answer, Rambus alleges that its fifteen related patents and patent applications do not define the same invention as the subject matter of the interference. (Answer ¶ 37). Its own comparison studies on that point (Request 5 in Exhibit A) are directly relevant to the merits of this defense. Recognizing that this Rambus affirmative defense makes the requested IBM discovery pertinent, Rambus buries a footnote at the end of this letter asserting that the defense is "necessary" merely to "preserve its position." But Rambus did not plead this defense as a matter of abstract principle; it pled it to defeat IBM's action. Given this, IBM is entitled to have discovery regarding this defense.

Likwise in its Answer, Rambus denies that the PTO has already found that six Rambus patents claim the same invention, given that the PTO had rejected five Rambus patent applications for double patenting (i.e., trying to patent the same basic invention two or more times) in view of the Rambus patent in the interference. (Answer ¶ 25). Rambus's own internal understanding of those double patenting rejections, and its follow-up disclaimers rather than contesting the rejections (Request 6), pertain directly to the veracity of the denial it pleads here.

Both requests (Requests 5 and 6) are also intended to adduce evidence directly bearing on whether the Board erred. Nothing could be more probative to whether the Board wrongly refused to hear IBM's motions than the relationships that both Rambus, and the PTO itself, actually found the Rambus applications and patents to have. This is why Rambus has pled in its Answer that they do not define the same invention.

C.      Discovery Directed to Rambus's Interference Positions. Requests 7 and 8 (see Exhibit A) elicit evidence on whether Rambus has advanced different views than it now asserts to this Court, regarding whether the Board improperly declined to hear IBM's motions to add to the interference Rambus's other related patents and applications. Such discovery would be directly relevant to the probative value to be accorded to Rambus's statements to this Court.

IBM submits that these requests are highly relevant to this action, do not duplicate any information received during the underlying interference, and given the limited number of requests and their narrow focus, do not present a significant burden to Rambus. Contrary to Rambus, IBM's requested discovery was not before the Court at the CMC. Additionally, these requests relate to Rambus's Answer, which was served and filed after the CMC. Finally, rearguing its motion to dismiss, Rambus again asserts that IBM is currently seeking further interferences in the PTO with "Rambus's fifteen patents and 500 claims." Yet those assertions are beside the point and do not undercut IBM's right to discovery in the district court action here.

## Rambus's Position

In its Complaint, IBM seeks reversal of the Board's order denying IBM's request to file seventeen motions related to adding fifteen Rambus patents and applications and over 500 claims to the underlying interference. IBM also seeks remand to the Board for the *Board* to decide whether those additional Rambus patents and applications should be added to the interference. Now, despite the Court's ruling at the CMC that presumptively there would be no discovery in this case, IBM proposes overly broad discovery requests seeking wholly irrelevant materials to the sole issue in this case—whether the Board abused its discretion in not allowing IBM to file its seventeen motions. Given its requests seek irrelevant information, IBM's assertion that discovery "within the bounds of the pleadings is a matter of right" is inapposite. Neither § 146 nor the Federal Rules grant an unfettered license to propound unnecessary, harassing, and costly discovery requests. Accordingly, IBM's proposed discovery should be denied.

IBM's Proposed Discovery Has Been Considered and Presumptively Rejected by the Court

First, IBM has not proposed anything new beyond that conveyed to the Court during the CMC. IBM's counsel indicated that IBM needed discovery regarding "the Rambus filing program" (*see, e.g.*, Requests 1-4), "the relationship of the patent application to the subject matter of the interference" (*see, e.g.*, Requests 5-6), and "the relative ease of determining that relationship" (*see, e.g.*, Requests 7-8). The Court, however, considered IBM's proposal and ruled that, "having looked at this carefully and reviewing [the parties'] respective positions, I don't think it's required here." 1/14/11 Hearing Tr. at 7:2-4. The Court then ruled that, presumptively, no

discovery is permitted in this case. But IBM has not rebutted that presumption here.

<u>IBM's Proposed Discovery Does Not Seek Evidence that Would Assist the Court in Determining Whether the Board's Case Management Decision Was an Abuse of Discretion</u>

Moreover, whether to authorize the filing of a motion to add patents is completely within the discretion of the Board. The Board is allowed to manage the scope of interferences before it in such a way as to secure the just, speedy and inexpensive resolution of each case. Pursuant to this policy, the Administrative Patent Judge twice denied IBM's requests to file motions seeking to add the fifteen patents and 500 claims to the case because doing so would bog down the proceeding and be expensive. In addition, whether the additional Rambus patents and claims are patentably distinct is irrelevant to the Board's case management discretion.[1] Other means exist for seeking interferences with patents and claims not included in the interference—means that IBM is currently pursuing at the PTO with respect to Rambus's fifteen patents and 500 claims.

None of IBM's proposed document requests seek evidence that would assist the Court in determining whether the Board abused its discretion in denying IBM's request to file its seventeen proposed motions. Even under IBM's skewed characterizations of its proposed discovery, Rambus's "motives" and its "program, strategy, or procedure" for filing the related applications have no bearing on whether the Board abused its discretion. *See* Requests 1-4. Nor do Rambus's internal claim comparisons (Request 5), reasons for filing terminal disclaimers (Request 6), or positions taken in other interferences regarding adding more than one patent or application (Requests 7-8) assist the Court in making that determination.

If anything, IBM's proposed requests seek materials concerning whether the additional claims are patentably indistinct from the claims involved in the interference. But IBM's Complaint seeks remand for the *Board* to make that determination in the first instance. Indeed, whether the Board abused its discretion in denying IBM authorization to file its proposed motions does not require the Court to decide whether the claims are patentably indistinct. Even if the additional claims were directed to the same patentable subject matter, the Board was not required to add those claims to the interference and therefore did not abuse its discretion by denying IBM's request. Thus, IBM's assertion that the Board's discretion is "not a basis" for determining the proper scope of discovery and denying IBM's proposed discovery requests is nonsensical.

Simply put, because the discovery that IBM proposes has already been considered and presumptively rejected by this Court and because nothing IBM has proffered rebuts this presumption of no discovery, IBM's request to serve discovery should be denied.

---

[1] IBM's reference to Rambus's affirmative defense of patentable distinctness as a basis for discovery misconstrues Rambus's affirmative defense. Rambus did not assert the defense because it believes that the Court must determine patentable distinctness to resolve the issue of whether the Board abused its discretion. Rather, Rambus asserted the affirmative defense because IBM has repeatedly argued that the claims are patentably distinct. Although irrelevant, Rambus believed it was necessary to include the affirmative defense to preserve its position.

Respectfully submitted,

Dated: March 25, 2011

By: _Robert H. Fischer_

Robert H. Fischer
rfischer@fchs.com
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

Attorneys for Plaintiff,
    International Business Machines Corporation

Date:  March 25, 2011

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.

By: _Barbara C. McCurdy/NM_

Barbara Clarke McCurdy
barbara.mccurdy@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
Telephone:(202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant,
    Rambus Inc.

## ORDER

Having considered the arguments raised in the parties' joint letter regarding IBM's request for discovery, the Court DENIES IBM's request for an order compelling discovery on the ground that the proposed discovery is not reasonably calculated to lead to the discovery of admissible evidence that would be relevant to the issue whether the Board of Patent Appeals and Interferences abused its discretion in denying the motions that are the subject of IBM's claim for relief.

Dated:  March 29, 2011

IT IS SO ORDERED

_Jeffrey S. White_

Judge Jeffrey S. White

## PROOF OF SERVICE

This proof of service is for the following document(s) electronically filed on March 25, 2011 in case number C 10-04017 JSW:

1) Joint Letter Brief to Honorable Jeffrey S. White, dated March 25, 2011

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail service notices for this case.

**Tina E. Hulse**  tina.hulse@finnegan.com, gail.selburn@finnegan.com, georgia.merner-becker@finnegan.com, nancy.oshea@finnegan.com

**Naveen Modi** naveen.modi@finnegan.com

**Barbara Clarke McCurdy** barbara.mccurdy@finnegan.com

**Srikala P. Atluri** srikala.atluri@finnegan.com

Attorneys for Defendant, Rambus, Inc.


**Edward Kmett** ekmett@fchs.com

**Anthony M. Zupcic** azupcic@fchs.com

**Robert Fischer** rfischer@fchs.com

**Douglas Sharrott** dsharrott@fchs.com

**Kenneth Adamo** Kenneth.Adamo@kirkland.com

Attorneys for Plaintiff, International Business Machines Corporation

FCHS_WS 5988832v1

Fitzpatrick, Cella,
Harper & Scinto

FCHS_WS 6279636v1.doc