IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Plaintiff,

v.

RAMBUS INC.,

    Defendant.

                               /

No. C 10-04017 JSW
(Related case: C10-3736 JSW)

**ORDER REGARDING SUPPLEMENTAL BRIEFING**

The parties have filed cross-motions for summary judgment on the issue of whether the United States Patent and Trademark Office ("PTO") erred in denying the request by Plaintiff International Business Machines Corporation ("IBM") to file motions. Pursuant to the PTO's Standing Order, "[a] suggestion to add an application or patent to an interference must be in the form of a miscellaneous motion." (Declaration of Tina Hulse, Ex. J at ¶ 203.2.)

37 C.F.R. § 41.121(a) provides:

(1) Substantive motions. Consistent with the notice of relief, if any, and to the extent the Board authorizes, a party may file a motion: ...
(2) Responsive motions. The Board may authorize a party to file a motion to amend or add a claim, to change inventorship, or otherwise to cure a defect raised in a notice of requested relief or in a substantive motion.
(3) Miscellaneous motions. Any request for relief other than substantive or responsive must be filed as a miscellaneous motion.

Both parties appear to agree that the PTO has discretion to determine whether a party may or may not file a motion. (Rambus' Mot. at ; Declaration of Andrew Metz, ¶ 26.) However, according to the plain language of this regulation, the PTO's discretion to authorize, or not authorize, a party to

file a motion appears to apply only to substantive and responsive motions, not miscellaneous motions.[1]

Therefore, the Court HEREBY DIRECTS the parties to file supplemental briefing to clarify on what legal authority they rely for the proposition that the PTO has discretion to not allow a party to file a miscellaneous motion. IBM shall file its response of no more than five pages by December 5, 2011. Rambus shall file its response of no more than five pages by December 12, 2011. The Court HEREBY VACATES the hearing on the parties' cross-motions for summary judgment currently set for December 2, 2011 and will reset it at a later date if necessary.

**IT IS SO ORDERED.**

Dated: November 28, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Andrew Metz cites to 37 C.F.R. § 41.120(a)(i), which does not currently exist. It is not clear whether this citation is a typographical error or refers to an earlier regulation that has since been amended.

2