IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Plaintiff,

v.

RAMBUS INC.,

    Defendant.

No. C 10-04017 JSW
(Related case: C10-3736 JSW)

**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Now before the Court are the cross-motions for summary judgment filed by Plaintiff International Business Machines Corporation ("IBM") and Defendant Rambus Inc. ("Rambus"). These motions are fully briefed and ripe for decision. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants Rambus's motion for summary judgment and denies IBM's cross-motion for summary judgment.[1]

**BACKGROUND**

During prosecution of its United States Patent Application No. 11,203,652 (the "'652 application"), IBM submitted a Request for Declaration of Interference ("Request for Interference") to the United States Patent and Trademark Office pursuant to 35 U.S.C. § 135(a). The Request for Interference sought a determination of the priority of invention between claims 11-59 of the '652 application and United States Patent No. 6,502,161 (the "'161 patent") filed by Rambus inventors Perego, et al., as well as four other Rambus patents and eleven Rambus patent applications related to

---

[1] The Court GRANTS IBM's request to file its sur-reply.

1 the '161 patent. (Declaration of Tina Hulse ("Hulse Decl."), Ex. B.) Those fifteen continuing
2 patents and applications claimed priority to the January 5, 2000, filing date of the Perego '161
3 patent. (*Id*.)

4 The Board of Patent Appeals and Interferences (the "Board") of the United States Patent and
5 Trademark Office ("PTO") granted IBM's request and declared the interference as to the IBM '652
6 application and the '161 patent (the "Interference"), but declined to include the other fifteen Rambus
7 patents and applications in the Interference. (Hulse Decl., Ex. C.) Based on the effective filing
8 dates of the '652 application (November 12, 1999) and the '161 patent (January 5, 2000), the Board
9 designated IBM inventor Drehmel to be the Senior Party and Perego to be the Junior Party in the
10 Interference. (*Id*.) The subject matter of the Interference, i.e., the invention as to which priority is to
11 be determined, is defined by at least one "count." The Board designated '652 application claim 11
12 and '161 patent claim 1 to be "Count 1" of the Interference. (*Id*.)

13 After the Interference was declared, the Board required both parties to file a list of the
14 motions that each wished to file in the Interference. In its proposed motions list, IBM sought
15 authorization to file eighteen motions, seventeen of which related to IBM's request to add to the
16 Interference the fifteen continuing Rambus patents and applications and to designate all their
17 respective claims as corresponding to Count 1. (Hulse Decl., Ex. D.)

18 During a telephonic hearing on the proposed motions, the Administrative Patent Judge
19 ("APJ") stated that she had considered whether to include the other Rambus patents and applications
20 "before I declared interference" and "decided not to add all these other patents." (Hulse Decl., Ex.
21 A at 32:8-10.) The APJ further indicated "that I would probably not entertain adding them now."
22 (*Id*. at 32:10-11.) The APJ further advised the parties that "we try to keep things flowing pretty
23 quickly in the trial division and adding so many claims really bogs down the proceeding, an
24 expensive result." (*Id*. at 32:11-14.) In response to IBM's argument for adding the other Rambus
25 patents and applications to the Interference, the APJ stated, "The problem is, though, it becomes so
26 unmanageable that we would never get a determination on priority." (*Id*. at 33:16-18.)

27 On October 11, 2006, the Board issued an order denying IBM's request to file motions to
28 add the fifteen Rambus patents and applications to the Interference. (Hulse Decl., Ex. E.) In its

United States District Court
For the Northern District of California

2

Order, the Board stated, "Adding so many claims and issues to the interference would not secure the 'just, speedy and inexpensive resolution of the interference,'" citing Board Rule 1(b), 37 C.F.R. § 41.1(b). (*Id.*) The Board further stated that:

> Moreover, the nine Perego applications Drehmel seeks to add to the interference presumably have claims that have not been allowed, or even examined. Apparently, examination is not complete. Bd.R. 102. As further discussed, this interference was declared to determine priority of the invention defined by the count between the two parties. Adding over five hundred claims to the interference would be unreasonable and unnecessary to the determination of priority of the invention.

(*Id.*)

On June 24, 2010, the Board entered judgment on priority in favor of IBM and against Rambus and cancelled claims 1-49 of the '161 Patent. (Hulse Decl., Ex. F.)

IBM filed this action pursuant to 35 U.S.C. § 146 to appeal the Board's decision denying IBM's request to file its proposed preliminary motions 1 through 17. IBM seeks reversal of the Board's decision with remand to the Board to permit IBM to have its proposed motions considered by the Board in the first instance.

**ANALYSIS**

**A.     Applicable Legal Standards.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.*

3

at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care adequately to point a court to the evidence precluding summary judgment because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.      Parties' Cross-Motions for Summary Judgment.**

This action is brought pursuant to 35 U.S.C. § 146 which provides that "[a]ny party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action. . . ." District court review of an interference proceeding under section 146 is an equitable remedy of long standing. *General Instrument Corp., Inc. v. Scientific-Atlanta, Inc.*, 995 F.2d 209, 214 (Fed. Cir. 1993) (citation omitted). IBM seeks review of the Board's denial of IBM's request to file its proposed motions to add the Rambus continuing patents and patent applications to the Interference and seeks remand to the Board to re-open the Interference to consider those motions. This action, and the parties' cross-motions, raises the narrow issue of whether the Board erred by not allowing IBM to file motions to add patents and applications to the pending Interference. Whether IBM's motions have any merit is not before the Court.

4

The Federal Circuit has held that the applicable standard for judicial review of Board decisions in interference proceedings is that set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *In re Sullivan*, 362 F.3d 1324, 1326 (Fed. Cir. 2004) (citing *Dickinson v. Zurko*, 527 U.S. 150, 154 (1999)). Under the APA, the court must set aside actions of the Board that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and set aside factual findings that are unsupported by substantial evidence. *Id.* (citing *In re McDaniel*, 293 F.3d 1379, 1382 (Fed. Cir. 2002)). Specifically with respect to Board decisions pursuant to the permissive rules governing patent interference proceedings, such decisions are reviewed for abuse of discretion. *Id.* (citing *Eli Lilly Co. v. Bd. of Regents of the Univ. of Wash.,* 334 F.3d 1264, 1266 (Fed. Cir.2003). The Federal Circuit further held that the reviewing court is to accept the Board's interpretation of Patent and Trademark Office regulations unless that interpretation is "plainly erroneous or inconsistent with the regulation." *Id.* (citations omitted).

37 C.F.R. § 202(a) provides that "[a]n applicant ... may suggest an interference with another application or patent." 37 C.F.R. § 203(d) states that "[a] party may suggest the addition of a patent or application to the interference or the declaration of an additional interference." Pursuant to the Board's standing order, a party who seeks to suggest the addition of a patent or an application to an interference proceeding must do so through a miscellaneous motion. (Hulse Decl., Ex. J at ¶ 203.2.) 37 C.F.R. § 41.123(b) provides that "[i]f no time for filing a miscellaneous motion is provided in [these regulations] or in a Board order ... [a] movant may not file [an opposed miscellaneous] motion without Board authorization." Rambus opposes IBM's proposed miscellaneous motions to suggest additional patents and applications to the Interference. Therefore, pursuant to § 41.123(b), unless there is a prior Board order or regulation which provides a time to file these motions, IBM needs the Board's authorization in order to file them. Neither party has pointed to the Court, and the Court did not find, any regulation or Board order setting a time to file miscellaneous motions in the Interference.[2]

---

[2] IBM cites to the Board's Standing Order, which provides that "[a] list of proposed motions ... must typically be filed no later than four business days prior to the conference call to set these dates. This requirement improves the administration of justice by ... permitting the Board to determine whether the listed motions are both necessary and sufficient to resolve the issues raised ... ." (Hulse Decl., Ex.

5

Nevertheless, despite the absence of a such Board order or regulation, according to IBM, the Board had no discretion to not authorize the filing of IBM's opposed miscellaneous motions. IBM argues that because 37 C.F.R. §§ 202(a) and 203(d) permit a party to suggest the addition of a patent or an application to an interference, the Board did not have any discretion to not hear its miscellaneous motions to add additional patents and applications to the Interference. (*See* Reply at 7 ("the examiner when presented with a suggestion under § 41.202(a) *must* examine that suggestion on the merits") (emphasis in original). IBM's reading of the regulations would render 37 C.F.R. § 41.123(b) superfluous, a result which the Court should avoid, if possible. *See Beisler v. Commissioner of Internal Revenue*, 814 F.2d 1304, 1307 (9th Cir. 1987) (courts "should avoid an interpretation of a statute that renders any part of it superfluous and does not give effect to all of the words used by Congress"); *see also Nieto v. Ecker*, 845 F.2d 868, 873 (9th Cir. 1988) (interpreting a statute which renders a provision superfluous would be "contrary to a fundamental canon of statutory construction"). Therefore, Court must, if possible, construe § 41.123(b) and 41.203(d) to harmonize and not conflict.

Moreover, the Board has interpreted the regulations to provide it discretion to determine whether a party may file an opposed miscellaneous motion. *See* Hulse Decl., Ex. J at ¶ 121 ("All motions require prior Board authorization except unopposed miscellaneous motions".) The Court must accept the Board's interpretation of Patent and Trademark Office regulations unless that interpretation is "plainly erroneous or inconsistent with the regulation." *In re Sullivan*, 362 F.3d at 1326 (citations omitted). The Board's interpretation here is not plainly erroneous or inconsistent with the regulations.

In further support of the Board's construction, the Court notes that 37 C.F.R. § 41.1 provides that the provisions of these regulations which govern proceedings before the Board "shall be construed to secure the just, speedy, and inexpensive resolution of every proceeding before the Board." *See* 37 C.F.R. § 41.1(a), (b). If the Board were denied the discretion under § 41.123(b) to

---

J at ¶ 104.2.1.) This order merely sets the time for filing a list of *proposed* motions, not the time for actually filing any motions.

6

1 determine whether IBM should be authorized to file their miscellaneous motions, then the Board
2 would be limited in its ability to efficiently manage the Interference.

3 Therefore, read in light of § 41.123(b), the Court construes § 41.203(d) to provide that a
4 party may seek to file a motion to suggest the addition of a patent or application to an interference.
5 Accordingly, pursuant to the regulations, the Board has the discretion to authorize, or not authorize,
6 a party to file an opposed miscellaneous motion to add a patent or application to an interference.

7 Having determined that the Board does have discretion to authorize the filing of opposed
8 miscellaneous motions, the Court must evaluate whether or not the Board abused this discretion.
9 "An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law,
10 on factual findings that are not supported by substantial evidence, or represents an unreasonable
11 judgment in weighing relevant factors." *Burandt v. Dudas*, 528 F.3d 1329, 1332 (Fed. Cir. 2008)
12 (citation omitted). IBM argues that the Board's discretion is limited to considerations of prejudice
13 to the interests of a party. In support, IBM cites to § 41.123(b)(ii), which provides that "[d]elay in
14 seeking relief may justify a denial of the motion." This regulation merely notes that delay is one of
15 the reasons the Board may deny authorization to file a miscellaneous motion. It does not limit the
16 Board's discretion to the consideration of delay. IBM further argues that there was no substantial
17 evidence to support the Board's decision because, in its opinion, deciding their miscellaneous
18 motions, would not "bog down" the proceedings. However, the fact that IBM disagrees with the
19 Board's determination that hearing the motions on the merits would have complicated the
20 Interference and made it unmanageable, does not mean that the Board's determination was not
21 supported by sufficient evidence in the record. Upon review of the evidence in the record, the Court
22 finds that the Board's decision to not authorize IBM to file its miscellaneous motions was supported
23 by substantial evidence. Therefore, the Board did not abuse its discretion in making this case
24 management decision. Accordingly, the Court grants Rambus' motion for summary judgment and
25 denies IBM's cross-motion.

26 ///
27 ///
28 ///

7

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Rambus' motion for summary judgment and DENIES IBM's cross-motion for summary judgment.

**IT IS SO ORDERED.**

Dated: December 20, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE